McRAE, Justice,
for the Court:
I.
The Circuit Court of DeSoto County held that the City of Horn Lake, acting through its Mayor and Board of Aldermen, had arbitrarily, capriciously and discriminato-rily denied the rezoning request of Nail Road Joint Venture (hereinafter “Nail Road”). The City of Horn Lake appeals. We reverse and render.
II.
Leonard Smith, d/b/a Nail Road Joint Venture, requested the City of Horn Lake to rezone two parcels of property: (1) a 40.208 acre tract from M-1 (Light Industrial) to R-4 (Multiple Family Residential), and (2) a 8.918 acre tract from M-1 (Light Industrial) to C-2 (Highway Commercial). Both parcels had been zoned as part of a comprehensive zoning plan made in 1982.
Nail Road secured the approval of the Horn Lake Planning Commission, with no objections filed. However, a number of persons and entities appeared, either in person or by letter, before the Mayor and Board of Alderman in opposition to Nail Road’s request for rezoning.
Nail Road’s proof was based principally upon the testimony of engineer Carey Ro-bey of Pickering Engineering Firm, Memphis, Tennessee. Robey testified that he made a comprehensive evaluation of the property which included a study of the land use, proposed land use, transportation, utilities, existing zoning patterns and proposed major thoroughfares. He concluded that the property in question was subject to rapid change and growth, and that “DeSoto County is about the hottest item in Mississippi, fastest growing county.”
Robey further testified that 610 acres out of the total of 3,400 acres in the City of Horn Lake (18%) were zoned M-l, that much of the land was undeveloped, and that there was little residential property left which was suited for development. A proposal by Nail Road to the County for the eight acres, if rezoned from M-1 to C-2, was to commercially develop the comer as a shopping center. This proposal included construction of a collector street 65 feet wide. As for the 40 acres, the proposal was to build 560 apartments and to construct certain eye-pleasing buffers, including a lake and a neighborhood park.
The Mayor and Board of Aider-man voted to deny the request for rezoning, and Nail Road appealed to the Circuit Court of DeSoto County. See Miss.Code Ann. § 11-51-75 (1972). On appeal, the circuit court was duty bound (as this Court is) to affirm the decision of Horn Lake denying the rezoning unless it was arbitrary, capricious, or unreasonable. Woodland Hills Cons. Ass’n. v. City of Jackson, 443 So .2d 1173, 1181 (Miss.1983). In reviewing that decision, the appellate court must bear in mind that the landowner has *841 the burden to prove by clear and convincing evidence that rezoning is justified. Cloverleaf Mall, Ltd. v. Conerly, 387 So.2d 736, 738 (Miss.1980).
III.
We hold that the circuit court erred in reversing the decision of the City of Horn Lake. The landowner failed to meet its burden of proof, and the court “must assume the original zoning is valid and permanent.” Cloverleaf Mall, Ltd. v. Conerly, 387 So.2d at 738. There is no credible evidence suggesting either that a mistake was made in the original zoning ordinance, or that the character of the neighborhood has changed and that a public need exists to justify rezoning. Woodland Hills Cons. Ass’n. v. City of Jackson, 443 So.2d at 1181. Accordingly, the order of the circuit court granting the rezoning request is reversed, and judgment is rendered here for the City of Horn Lake.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.